CALVIN BROWN, WALTER McGEE, AND JOHN NICHOLAS MULLEN, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed November 13, 1929.

*Zewadski & Pierce*, for Plaintiffs in Error;

*Fred H. Davis*, Attorney General and *Roy Campbell*, Assistant, for the State.

BUFORD, J.—In this case the defendants were informed against under the provisions of Section 7221 Comp. Gen. Laws of Florida, which is as follows:

"Whoever makes or mends, or begins to make or mend, or knowingly has in his possession any engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open any building, vault, safe or other depository, in order to steal therefrom money or other property or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose, shall be punished by imprisonment in the State prison not exceeding ten years, or by fine not exceeding five thousand dollars."

The tools described in the information were as follows: "a brace, one wrecking bar, one jimmy, three metal drill bits, nine metal numbering dies, one thirty-eight calibre pistol and one glove."

Each of the tools described in the indictment were the ordinary mechanic's tools which may be found in the possession of most mechanics and which may be found for sale at practically all hardware stores, with exception of the thirty-eight calibre pistol, which is not recognized by any authorities as an engine, machine or tool adapted and designed for cutting through, forcing or breaking open a building, vault, safe or other depository, but is a weapon.

There is no showing in the testimony that the tools described in the indictment were had or used by the defendants, or either of them, for any unlawful purpose. The defendants were arrested "on suspicion" and taken by the officers to the place of residence of one of the defendants, which place was searched by the officers without a warrant authorizing such search, and the tools were seized by the officers and afterwards offered in evidence over the objection of the defendants. The record fails to show a lawful arrest of the accused prior to the search and seizure of the tools and fails to show that possession of the tools was acquired by the officers in a lawful manner and so as to make the same admissible in evidence against the defendants. The objection of the defendants to the introduction of the tools in evidence should have been sustained under authority of opinion in the case of Hartt v. State, 89 Fla. 203, 103 So. R. 633; Gilerie v. State, 94 Fla. 134, 113 So. R. 704, and cases there cited.

There was a great deal of irrelevant and immaterial testimony permitted to go to the jury which we can not say was not prejudicial to the defendants. There was

proof of the robbery of a filling station. There was proof that a pair of tin snips was probably used to cut the screen from the window of the station. The tin snips were introduced in evidence, although the defendants objected and there was no testimony connecting them, or either of them, with this tool.

There was proof of the robbery of a restaurant. There was no evidence that either of these defendants participated in that robbery. It was shown that in this restaurant, known as Rose Garden Cafe, a safe was blown open and robbed. The lock dial which had been blown off the safe and also the safe door, which showed conclusively that it had been opened with some high explosive, was each offered in evidence and, over the objection of the defendants, admitted in evidence. There was no evidence that either of the tools found in possession of the defendants had been used in this robbery and, as stated before, there was no evidence that the defendants participated in that robbery and yet these parts of the safe which was robbed at that time were introduced in evidence and allowed to go before the jury as a part of the State's case against these defendants. The defendants, so far as the record shows, were not charged with the commission of either of the robberies. There was much other evidence introduced at the trial which was objected to and which should have been excluded for the same reasons and upon the same grounds upon which that above referred to should have been excluded but we can see no useful purpose to be served by pointing out in this opinion each and every item of admitted evidence which should have been excluded and to do so would require the indulgence and waste of a great deal of time and space.

The elementary rules of evidence are too well established for this Court to be required to repeat them in detail upon

all occasions where questions involving the violation of such rules are presented here.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.