Gus R. Dedge v. State.

174 So. 725.

Division A.

Opinion Filed June 2, 1937.

*Whitaker Brothers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

Terrell, J.—Plaintiff in error was informed against for breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny. He was tried and convicted and sentenced to serve ten years in the State Penitentiary.

On writ of error to be relieved of the judgment so imposed, it is urged that incompetent or prejudicial evidence was permitted to go to the jury, that the evidence as a whole was insufficient to convict and that the proof of identity was too weak and unsatisfactory to support the conviction.

The cause might be reversed on any or all three grounds. The proof of the identity of the defendant as the one who committed the alleged crime is far from meeting the requirements in such cases and the evidence as a whole reminds us of the story of the country doctor' who was called to see a patient and as he entered the latter's bedroom, observed a saddle under the bed. He diagnosed the case and told the patient that he found nothing wrong with him except that he had eaten horse. The therapeutics applied in the instant case was about as skillful as that applied in the latter and the evidence of guilt on the part of defendant about as convincing as that showing that the patient ate a horse.

Having charged the defendant with intent to commit grand larceny, it was necessary to prove that he broke in the house and carried away or intended to carry away goods in the value of fifty dollars or more, otherwise he should have been charged with a lesser offense.

It is shown that the house was broken into and some small articles and an ornamental sword taken from it at some time. The small articles were found near by and the sword was never recovered but none of the small articles nor the sword were found on the defendant and there is no evidence that connects him with any of them. There is no evidence as to their value or the whereabouts of the sword or when it was taken. Defendant was arrested near the house soon after it was broken into but none of the articles were found on him nor was he at anytime connected with any of them. Except that he was found and arrested near the house the evidence is just as conclusive against Mae West as it is the defendant.

The incompetent or prejudicial evidence complained of grew out of the fact that when defendant was arrested he

refused to answer questions propounded to him by the arresting officers who had assaulted and abused him. The fact of his refusal to answer said questions was permitted to go to the jury as showing admission by silence of the crime charged against him.

It is reprehensible on the part of an arresting officer to assault and abuse one charged with crime after his arrest and submission. In the case at bar, the arresting officers were diligent in searching for some one to lodge a charge against. The record does not disclose that they had but little if any more than a bare suspicion as a predicate on which to arrest defendant but a charge had to be fastened on some one, so after the arrest, they proceeded to try to extract a confession from him.

Circumstances might arise in which an extorted confession or refusal to make one might not be prejudicial but under the facts of this case with no evidence whatever pointing conclusively to guilt, an inference of guilt from the silence of the defendant in his refusal to answer the questions propounded was very prejudicial.

For the errors thus pointed out, the judgment below must be and is hereby reversed, and a new trial awarded.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.