DREW, Chief Justice
(dissenting).
The defendant appealed from' a judgment and five-year sentence entered after a jury found him guilty of unlawful possession of burglary tools in violation of Section 810.06, F.S.1951, F.S.A. Defendant was also charged in another count of the information with an unlawful attempt to break and enter certain premises with intent to commit a misdemeanor by stealing goods of value of less than $50.00. On this count the jury returned a verdict of not guilty.
The facts developed at the trial reveal that on September 11, 1953, at about 4 a. m., a night watchman employed by the' City of Tampa was in his office. He heard a banging noise which came from the vicinity of the El Morocco Bar & Grill located across the street about 125 feet away. He turned out the office lights and observed someone running from the El Morocco toward the back of a service station. The watchman and a companion got into an automobile and pursued a black automobile which was driven from behind the service station. The automobile being pur *136 sued made a turn into a side; street which, the pursuers could.not make. They proceeded a little farther and then retraced their course and found a black, automobile parked at the curb with no one in it. They identified the car by the license tag number.
The watchman returned to his office and notified the police. About 6 a. m., the police located the same car which was registered in the name of defendant. The defendant was lying across the front seat of the car which was parked about three or four blocks from his home but at a different place from where it had been last seen by the night watchman. The police arrested the defendant, who was then employed by Florida Arts Stucco Company of Ybor City, for attempted breaking and entering and searching the car. In the rear trunk they found a pair of work shoes and a leather bag, which contained a brace and bit, a sledge hammer, a small hammer, a rusty chisel, and a rusty 38-revolver, which was loaded. The tools found were items which could be • used by a burglar. It also appears they were common tools of the type ordinarily used by mechanics and carpenters.
The watchman, after returning to the scene of the noise, found that a ply-wood panel located about 8 feet from the ground above a side door had been pushed in about three inches. There was no evidence of entry into the El Morocco Club, and nothing inside had been disturbed. A policeman compared the tire tracks of the black car with tracks in the sand at the service station, and stated that they were identical and, again, that they “compared favorably.” No photographs or casts were made of the tire tracks.
The State urges that this circumstantial evidence is sufficient to support the verdict of guilty of possessing burglary tools with intent to use them for the purpose of committing a burglary, and a majority -of my brethren have agreed.- I must respectfully decline to do so.
We have many times held that where circumstantial evidence is relied upon to sustain a conviction,’the evidence must be not only consistent with guilt, but also inconsistent with innocence. Not only does the evidence here fail to measure up to this standard but it, is so inconclusive and speculative that it cannot, in my opinion, afford a basis on which a judgment of conviction may lawfully rest. I think the ends of justice will best be served by granting a new trial. See Brown v. State, 98 Fla. 871, 124 So. 467; Dedge v. State, 128 Fla. 343, 174 So. 725.
THOMAS and HOBSON, JJ., concur.