PER CURIAM.
We have for consideration three cases which were tried together and the appeals consolidated for the purposes of briefing and oral argument.
Nicholas Cappetta, having waived jury, was tried and convicted by one of the judges of the Criminal Court of Record for Dade County, of breaking and entering the dwelling at 6201 La Gorce Drive, Miami Beach, Florida, with the intent to commit grand larceny (Case #62-5350), breaking and entering the dwelling house at 17300 N. E. 12th Avenue, Miami, Florida, with intent to commit grand larceny (Case #62-6069), and possessing burglary tools (Case #62-5584).
He was sentenced to five years in the State Penitentiary on each of the three convictions with the sentences running consecutively.
This court has examined the record on appeal and considered the points of law presented by appellant’s brief and after hearing, found no reversible error in Case #62-5350 or in Case #62-5584. We affirm the judgment and sentences appealed in these two cases. No novel questions are presented and no useful purpose would be served by a further discussion of the.se two appeals.
 In Case #62-6069 which was upon a charge of breaking and entering a dwelling house with intent to commit grand larceny, the state failed to prove a breaking. This is an essential clement of the crime charged. Dedge v. State, 128 Fla. 343, 174 So. 725. The breaking must be an act of physical force although it may be as slight as the pushing open of a closed door. See Scott v. State, Fla.App.1962, 137 So.2d 625, and cases cited therein. In this instant case no physical act was proved. The accused was simply found inside a *311 house which was not shown to have been closed.
We therefore reverse the judgment and sentence in Case #62-6069.
Affirmed as to part and reversed as to part.