HENDRY, Judge.
The appellant was charged by information for the crime of Possession of Burglary Tools, in violation of § 810.06, Fla. Stat., F.S.A. (1967). He pleaded not guilty, and was found guilty as charged.
The arresting officers initially observed the appellant in a residential neighborhood and concluded that his actions were so suspicious as to justify their further surveillance. Shortly thereafter, the appellant was placed under arrest for vagrancy. He was taken to the police station and fully informed of his constitutional rights. Thereafter, during interrogation, the appellant was asked by the police for his permission to search his apartment. The appellant gave that permission, signing a search waiver which contained his voluntary consent to the search.
The search of the house produced numerous tools, many of which were certainly capable of use as burglary instruments. However, as his main point on appeal, the appellant now contends that the evidence adduced was insufficient to convict him of the crime charged, to-wit: Possession of Burglary Tools. The position taken by the appellant is that since' the applicable statute requires that the person so charged must have the “intent to use or employ or allow the [burglary tools] to be used or employed for [commission of burglary]”, the state failed to demonstrate the felonious intent so required. It is significant that all prior convictions in the state under § 810.06, supra, which have been affirmed on appeal have shown situations wherein the convicted defendant below was in immediate possession of the tools. Eg., Brown v. State, 98 Fla. 871, 124 So. 467 (1929); Fitzgerald v. State, Fla.App.1967, 203 So.2d 511; Estevez v. State, Fla.App.1966, 189 So.2d 830.
It is our opinion that the evidence, i. e., the tools which were seized in the appel *853 lant’s apartment, was insufficient to show his intent to feloniously use the tools for criminal purposes. Therefore, we must reverse the judgment of the trial court, and further order that the appellant be discharged from custody which resulted from the charge upon which he was convicted in the instant cause.