PIERCE, Chief Judge.
Appellant Nancy Lowell appeals to this Court from a judgment and sentence entered against her by the Polk County Criminal Court of Record after being found guilty by a jury upon trial of an information against her charging unlawful sale on August 30, 1969, to one Joel Booth of a “hallucinogenic drug, to-wit: ‘LSD’ (lysergic acid diethylamide)”.
There were numerous pre-trial maneuvers, motions, depositions, etc. Finally, upon trial of the cause, the jury found defendant Lowell guilty, motion for new trial was denied, and she was adjudged guilty, and was thereupon sentenced to a term of imprisonment. It is from such judgment and sentence that this appeal is taken.
Among Lowell’s pre-trial motions was a motion to dismiss the information, a motion for discovery, and a motion for bill of particulars. The motion for discovery asked the Court to require the State to produce for inspection and copy by the defendant of certain documents and materials in possession of the State relating to the prosecution of Lowell. The motion for discovery was granted, limited to “only those documents or other things which the State intends to use in the. trial”. The motion for bill of particulars was granted as to “the information desired to be furnished as specifically as is known to the State”. The order was designed to specifically encompass the pills and other articles involved in the alleged sale of the LSD and Mescaline pills, and the Chemist’s report of such pills, specified in the information as having been sold by Lowell to Booth September 7, 1969, and which were made the basis of the criminal charge in the information.
However, the State produced only the Chemist’s report of certain pills found in Lowell’s house subsequent to the alleged sale and not the pills or drugs having to do with the specific charge contained in the information. Depositions of the Chemist and various other witnesses were taken.
At the trial the Court permitted Booth to testify as to pills containing LSD and Mescaline delivered to him by Lowell on two *449 previous occasions, and also permitted testimony by deputy sheriffs Bowen and God-win with respect to four suspected LSD tablets found in Lowell’s home after the alleged sale to Booth specified in the information. This latter evidence was permitted upon the theory that it was proper for the introduction of the evidence as to similar crimes so close in point of time as to show a general course of action.
The trial Court also, over objection, permitted chemist Johanson, to state his opinion that the pills contained LSD when he admitted that such was the determination and opinion of another chemist; also permitted admission of the plates and graphs, which were the basis for the chemist’s conclusion that LSD was contained in the tested pill, which was then destroyed and could not be introduced in evidence. Some two months prior to the trial Lowell had deposed Chemist Johanson, at which time it was disclosed that the witness had disposed of this material. Later in the order denying a new trial the Court opined that the credibility of the chemist’s testimony was the issue and not the admissibility thereof.
Prior to the trial Lowell caused a subpoena duces tecum to be served upon Jo-hanson, the Chemist, requiring him to produce certain documents for trial, including material offered by Dr. Albert Sperling, but the chemist-witness failed or refused to produce the same because he had been instructed by the prosecutor that such research materials would have to be obtained by the defendant by a motion to produce and not by subpoena duces tecum. The trial Court did not require him to produce the material, but found in his order denying the motion for new trial that Lowell did not demonstrate to the trial Court’s satisfaction that any documents listed in the subpoena duces tecum were in fact vital to the issues in the case.
After selection of the jury the State produced for the first time the pills in question and the Chemist’s report as to such particular pills. The prosecutor advised the Court that he had written letter to Lowell as to such evidence and the chemical analysis of the pill, but admitted later that the notification was with reference to the pills involved in a separate case, known as the “possession” case, and that it was not until the day of the instant trial that he himself received the report of the chemist as to the pills involved in the “sale” case. However, he stated that he had notified Lowell that the tangible evidence had been available for examination at the Florida Division of Health in Tampa. While conceding that there had been gross failure on the part of the prosecutor’s office to comply with the Court’s order to produce the materials to Lowell’s counsel, the Court nevertheless felt that she and her counsel could have anticipated that the pills would be introduced and that there would be an attempt to have testimony of the chemist.
At the conclusion of the first day of trial the Court ordered the State to forthwith deliver to Lowell’s counsel the chemist’s report of the pills involved in this case, but such report was not delivered until the following morning within minutes of the commencement of the trial. During the trial the State instructed Joel Booth, its key witness, not to talk to Lowell’s counsel outside the presence of the prosecutor, and in fact he was allowed to do so only upon the Court’s order.
We deem it unnecessary to go further than to delineate the foregoing rulings and actions of the trial Court in the trial and pre-trial proceedings of the case. Clearly, the collective impact of these proceedings was such that Lowell was prejudiced in her preparation and in her defense to such extent that she was not accorded her right to a fair and impartial trial. The actions involved matters which have been passed upon by this and other appellate Courts many times adversely to the prosecution. In the language of Mr. Justice Buford, speaking for a unanimous Supreme Court *450 in Brown et al. v. State, 1929, 98 Fla. 871, 124 So. 467:
“The elementary rules of evidence are too well established for this court to be required to repeat them in detail upon all occasions where questions involving the violation of such rules are presented here.”
The judgment appealed is reversed and the cause remanded for a new trial.
MANN and McNULTY, JJ., concur.