PER CURIAM.
Appellant-defendant Gary Burnette was charged by information with possession of burglary tools and was tried non-jury. From a judgment of conviction and a sentence entered thereupon, he appeals. See § 810.06, Fla.Stat., F.S.A. We reverse and order that he be discharged.
A Metropolitan Dade County detective saw defendant on October 28, 1969, at about 1:30 A.M. in an alley at the rear of a drug store. On being questioned, defendant said he could not sleep and decided to go for a walk, and that he was on probation for burglary from juvenile court. On being asked about a bulge in his pocket, defendant produced about thirty keys on a key ring. The detective asked if defendant knew what the keys were used for, and defendant replied that they would open locked boxes on cigarette and washing machines, and that the keys belonged to his step-father, who did not know that defendant had taken them.
On cross-examination the detective testified that defendant was about ten feet from the building, that there were no signs of an attempted break-in, and that there were no signs of a rifled machine. He also testified that there were no machines behind the store. He did not perform tests to determine what the keys really did fit. He did testify however, that the store contained machines which were located in front of where defendant stood.
The testimony further reveals that defendant was confronted by the detective about three or four blocks from his house. Defendant testified that he was going to a friend’s house to “show off” the keys which he had taken at about 5:00 P.M. from his step-father. He emphatically denied any intent to burglarize stores or machines.
We have carefully reviewed the record, and compared the case of Troise v. State, Fla.App.1965, 177 So.2d 24 with Mesenbrink v. State, Fla.App.1970, 231 So.2d 852. We express the view that the state failed to adduce sufficient competent evidence to prove the element of possession of the keys with the intent to use or employ or allow the burglary tool to be used or allowed or employed for the commission of a burglary-
Therefore, we reverse the judgment of the trial court, and further order that the appellant be discharged from custody which resulted from the charge upon which he was convicted in the instant case.
Reversed with directions.