301 So.2d 459 (1974)
Steve ATKINS, Appellant,
v.
STATE of Florida, Appellee.
Michael MANN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-1311, 73-1312.
District Court of Appeal of Florida, Fourth District.
October 18, 1974.
Rehearing Denied October 30, 1974.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Richard S. Power, and H. Joseph McGuire, Asst. Public Defenders, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellants were jointly charged in three separate informations with three violations of Chapter 893, Florida Statutes. There *460 was a separate trial on each information. Mann was convicted alone on one of the charges, Atkins was convicted alone on one of the charges, and both were convicted on the third. Their separate appeals were consolidated in this court.
The points on appeal have been extensively and skillfully briefed, and very capably presented at oral argument, by both counsel for appellants and counsel for the State, and most of them would be worthy of full discussion. Nonetheless, since we conclude that only one point demonstrates reversible error, as a matter of judicial economy we limit our discussion to that particular point.
Only Atkins was convicted on Information No. 73-146, which charged Mann and Atkins jointly with possession of more than five grams of marijuana. Stated briefly and most favorably to the State, the evidence to support the charge showed the following: Atkins and Mann were passengers in an automobile being driven by one Bronson. That vehicle was being followed by two police officers in a police cruiser to whom had been relayed information from an undercover agent to the effect that Mann and Atkins had in their possession certain drugs in violation of law. Based upon this information, the officers had stopped the car driven by Bronson, which pulled to the shoulder of the road with the police cruiser directly behind it. Atkins, the passenger in the right front seat, immediately got out and walked back to the police cruiser. The officers then removed Bronson and Mann from the vehicle, via the left door, and all three occupants were detained outside of the vehicle while the police proceeded to search it. After ten minutes of fruitless searching of the vehicle, the officers found a brown paper bag lying on the ground underneath the right door of the vehicle. The paper bag was lying in the track made by the right front wheel and gave no appearance of having been run over by that wheel. Upon examination of the bag, the officers discovered that it contained the marijuana for the possession of which Atkins was convicted.
The State concedes that its case rests entirely upon circumstantial evidence. It also recognizes the principle that where proof of the substantive offense rests solely upon circumstantial evidence, the proof must be not only consistent with the guilt of the accused, but also inconsistent with any reasonable hypothesis of innocence. Its position here is that there simply is no reasonable hypothesis of innocence which fit these facts. We disagree.
Because Atkins is the only one who exited from the right hand side of the car, and because the circumstantial evidence would clearly justify an inference that the paper bag was dropped or placed on the ground after the vehicle had come to a stop, the proof is certainly consistent with guilt. But the circumstances outlined do not exclude the reasonable hypothesis that either Mann or Bronson had possession of the paper bag at the time the car stopped, and that he (either Mann or Bronson) simply leaned over and dropped the bag out of the car onto the ground after Atkins had made his exit and was on his way back to the police cruiser. The existence of such reasonable hypothesis causes the evidence to be insufficient as a matter of law. Smith v. State, Fla.App. 1973, 276 So.2d 91. It was error to deny Atkins' motion, made at the close of the State's case, for a judgment of acquittal on this ground.
The judgment and sentence as to Franklin Steve Atkins on the charge of possession of more than five grams of cannabis, commonly known as marijuana, Case No. 73-146, Circuit Court of Osceola County, Florida, are severally reversed and Appellant-Atkins is ordered discharged therefrom. The judgments and sentences in the remaining cases here appealed are severally affirmed.
Reversed in part; affirmed in part.
WALDEN and DOWNEY, JJ., concur.