SCHWARTZ, Judge.
The defendant appeals from convictions and five-year concurrent sentences for grand theft and carrying a concealed firearm. As to the latter offense, the only testimony was that a pocketbook with a pistol inside[1] was hurled from the window on the passenger’s side of a vehicle which Stuart was driving and in which there was another occupant; no witness could say which of the two men had thrown the purse. We find this evidence totally insufficient to justify the finding of guilt on the CCF charge. Atkins v. State, 301 So.2d 459 (Fla. 4th DCA 1974); Lawson v. State, 251 So.2d 683 (Fla.3d DCA 1971); see J.L.B. v. State, 396 So.2d 761 (Fla.3d DCA 1981); Falin v. State, 367 So.2d 675 (Fla.3d DCA 1979). That judgment and sentence are therefore reversed.
There is no merit in the defendant’s claim of error in the court’s statement at the beginning of the trial that the jury “should be waiting to hear from the defense as to their side of the case before you ... take any position as to this case.” [e.s.] We do not agree that this admonition amounted to a forbidden suggestion that the defendant himself might — as he in fact did not — take the stand. Compare David v. State, 369 So.2d 943 (Fla.1979). Since this is the only point which affects the grand theft conviction, it is affirmed.
Affirmed in part, reversed in part.

. The defendant’s fingerprints were found on an ammunition clip inside the gun. This evidence did not show even that the defendant had ever had possession of the firearm itself, let alone that he carried it while it was concealed within the purse. Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972); Tanksley v. State, 332 So.2d 76 (Fla.2d DCA 1976); see generally, Sorey v. State, 419 So.2d 810 (Fla.3d DCA 1982).