ANNIE MAY WILLIAMS, *alias* HONEY WHITT, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed June 3, 1925.

Where a homicide is committed by the discharge of a pistol caused by culpable negligence of the accused in handling it in a room where other people are congregated, and no material errors of law or procedure appear, a conviction of manslaughter will be sustained.

A writ of error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chavous and J. M. McKinney,* for Plaintiff in Error;

*Rivers Buford, Attorney General,* and *Marvin C. McIntosh, Assistant,* for the State.

WHITFIELD, J.—The plaintiff in error was indicted for murder in the first degree, the charge being in two counts,

one alleging in effect that the accused with a premeditated design to kill one C, shot and killed a child, Bernice Mc-Coy; the other count alleging in effect that the accused, with a premediated design to kill Bernice McCoy, did fatally shoot her. This writ of error was taken to a conviction for manslaughter, the statutory definition of which is: "The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this article, shall be deemed manslaughter, and shall be punished by imprisonment in the State prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars." Sec. 539, Rev. Gen. Stats. 1920.

The only contention here is that the evidence does not sustain the verdict upon which the judgment was rendered.

It appears that the accused while sitting in a dance hall where there were a number of people, had a pistol in her lap unseen by others, which she was handling. Whether she had the pistol for the purpose of shooting C, who was in the hall, as charged in the first count of the indictment, or had the pistol to take care of for another person, is not material since it is evident that her possession and handling of the pistol at the place and under the circumstances was culpable negligence, if not unlawful; and the discharge of the pistol killed the child Bernice McCoy who happened to be passing in front of the accused while she was with culpable negligence handling the pistol that was concealed in her lap.

As the charge of murder in the first degree included a charge of manslaughter, and as the evidence is legally sufficient to sustain the verdict of manslaughter, with no ma-

terial errors of law or procedure made to appear, the judgment is affirmed.

WEST, C. J., AND ELLIS, TERRELL AND STRUM, J. J., concur.