ROBERTS, Justice.
Appellant was found guilty of manslaughter and has appealed from the judgment of conviction.
At the trial, the appellant admitted that he shot and killed the deceased but testified that the shooting was accidental in the course of a struggle with the deceased over possession of the gun. His testimony in this respect was corroborated by his wife, Adelaide, the only eyewitness to the encounter. His contention on this appeal is that, in the face of such uncon-tradicted evidence, a conviction of manslaughter cannot be sustained. We do not agree.
The fatal altercation occurred late at night, when appellant’s wife (then his girl friend) returned to her trailer home, bringing with her one Johnny Bakos (soon to become “the deceased”), with whom she had spent the evening. The appellant was inside the trailer taking a nap and was clothed only in his underwear. He had a gun (a .357 caliber pistol), which he said he was going to use on a hunting trip the next day. Adelaide went inside the trailer, and Bakos stayed outside. After some conversation between the appellant and Adelaide, the appellant fired a shot into a corner of the trailer (just “showing off,” he said) and then went outside where Bakos was standing. He had the pistol in his right hand. He told Bakos that he was “in the wrong place with the wrong girl” and that he should leave. When Adelaide indicated that she was going to let Bakos have her car, the appellant objected strenuously and was given the keys by Bakos. Then, according to appellant, Bakos grabbed for the gun and they struggled over it, during the course of which Bakos was shot through the stomach and died.
We think that these circumstances were sufficient to sustain a conviction of manslaughter, within the meaning of Section 782.07, Fla.Stat.1953, F.S.A. The appellant’s actions set the stage for the tragedy which ultimately and inevitably followed, and he must be held criminally responsible therefor, even though he had no intention of killing Bakos. Cf. Williams v. State, 89 Fla. 475, 104 So. 782.
We have examined the other question presented here by appellant, and no reversible error has been found.
*140 Accordingly, the judgment appealed from should be and.it.is hereby .
Affirmed.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.