191 So.2d 70 (1966)
Thomas McBRIDE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. I-9.
District Court of Appeal of Florida. First District.
October 18, 1966.
T. Edward Austin, Jr., Public Defender, Charles J. Franson, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., Thomas E. Boyle, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was indicted, tried and convicted of manslaughter. From a judgment of conviction and sentence this appeal is brought.
Appellant's sole point on appeal questions the sufficiency of the evidence to sustain the verdict and judgment. There were no eyewitnesses present at the time appellant shot and killed the decedent. His guilt was established by evidence of the circumstances surrounding the crime. Appellant relies upon the established rule of law to the effect that in order to sustain a conviction based upon circumstantial evidence, such evidence must not only be consistent with the defendant's guilt but it must also be inconsistent with any reasonable hypothesis of innocence.[1] Appellant urges that the evidence is not sufficient to meet the standard of the circumstantial evidence rule since the testimony which he gave at the trial is consistent with a reasonable hypothesis of his innocence.
We have carefully reviewed the record of the evidence introduced at the trial and find that it is wholly sufficient, if believed, to establish appellant's guilt beyond a reasonable doubt within the limitations of the circumstantial evidence rule set forth above. This is the conclusion which the jury reached upon appropriate instructions by the court, and the conclusion reached by the trial judge in denying defendant's motion for judgment notwithstanding the verdict, and for a new trial. It is our view that the jury had a right to believe that even though appellant's testimony was consistent with a hypothesis of innocence, that under the circumstances of the case such hypothesis was not a reasonable one and therefore should be rejected.
Even had the jury and the trial judge been willing to accept as true appellant's statement as to how the weapon was discharged which caused decedent's death, it *71 appears irrefragable that by his act of becoming voluntarily intoxicated, in needlessly having on his person a deadly weapon which he brandished within the decedent's home in a careless and reckless manner, he set the stage for the tragedy which ultimately followed even though he may have had not intention of killing the decedent. Such circumstances were held to have been sufficient to sustain a conviction of guilt in Dolan v. State.[2]
We find the ruling of the trial court to be free from error and therefore affirm the judgment appealed.[3]
RAWLS, C.J., and WIGGINTON, and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Driggers v. State (Fla. 1964) 164 So.2d 200; Davis v. State, (Fla. 1956) 90 So.2d 629.
[2] Dolan v. State, (Fla. 1956) 85 So.2d 139.
[3] Williams v. State, 89 Fla. 475, 104 So. 782.