OWEN, Chief Judge.
Appellant shot her paramour with a pistol as he was packing to leave their jointly occupied apartment. She was convicted of culpable negligence (F.S. Section 784.05, F.S.A.), and shooting within an occupied dwelling (F.S. Section 790.19, F.S.A.), and appeals her judgment and sentence.
The State’s case was weak, and in essence consisted primarily of the testimony of the victim, Joe McCoy. In substance he *595 stated that he was drunk, and did not remember what happened other than he was simply standing in the apartment preparatory to leaving when appellant shot him without saying a word. McCoy ran from the apartment and some neighbors took him to the hospital for treatment. The neighbors testified that appellant came out of the apartment with the pistol in her hand and made a statement to the effect that she ought to kill him (McCoy). Appellant took the stand in her own behalf and testified in substance that McCoy was drunk, had been physically abusing her earlier in the day, and that she had the pistol in her hand when he pushed her aside, causing the pistol to discharge. She denied any intention to shoot the gun or to harm McCoy. On direct examination she admitted that she had been convicted of crimes three or four or more times.
During the prosecutor’s closing argument he commented upon the defendant’s having been convicted of a crime four times, to which comment defense counsel interposed an objection. In the jury’s presence a colloquy occurred between the court and counsel during which counsel made inquiry as to the relevancy of the argument and the court responded as follows :
“THE COURT: I’ll be glad to explain it to you. The law permits it to be received in evidence, and the reason you brought it out, because it tended to impeach a witness. A person ivho has been convicted of a crime is not presumed to be entitled to the same weight of their testimony as one who’s not. That’s law. . . ."
The only inference reasonably to be drawn from the trial judge’s comment (quoted above) made in the jury’s presence, is that appellant’s testimony was not entitled to the same weight and credibility as that of the other witnesses. As such, it was an impermissible comment by the court on appellant’s credibility as a witness and deprived her of a fair trial. Hamilton v. State, Fla.App.1959, 109 So.2d 422; Kellum v. State, Fla.App.1958, 104 So.2d 99.
While it is true that a witness’s credibility may be impeached by showing prior conviction of a crime (F.S. Section 90.08, F.S.A.), such evidence is merely a factor to be considered by the trier of fact in determining the credibility of the witness and does not carry with it any presumption that the witness is, for that reason alone, any less credible.
As we have noted, the State’s case against appellant was weak and essentially depended upon the jury believing McCoy’s version of what transpired, rather than appellant’s. The court’s comment concerning appellant’s credibility was necessarily prejudicial. The interest of justice would best be served by reversing the judgment and remanding the cause for a new trial. It is so ordered.
Reversed and remanded.
OWEN, C. J., and CROSS and MA-GER, JJ., concur.