328 So.2d 501 (1976)
Kent MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 74-74.
District Court of Appeal of Florida, Fourth District.
March 5, 1976.
Rehearing Denied April 9, 1976.
*502 Nelson E. Bailey, of Bailey & Friedrich, and Edward W. Starr, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
An information was filed charging appellant with manslaughter under former Section 782.07, F.S., arising out of his alleged "act, procurement or culpable negligence" in operating a motor vehicle in "such a negligent, careless and reckless manner" as to cause a collision resulting in injuries and death to another. In addition to instructing the jury on the crime of manslaughter by culpable negligence, the trial court also instructed the jury on culpable negligence under former Section 784.05, F.S., as a lesser included offense to manslaughter. The appellant contends that this was error and we agree.
Manslaughter by culpable negligence, a felony, contemplates personal injury resulting in death[1] whereas culpable negligence, a misdemeanor, contemplates personal injury not resulting in death.[2] Thus, the only distinguishing feature between the two statutorily defined offenses, besides punishment, is whether or not the victim died. See, for example, Kelly v. State, 281 So.2d 594 (Fla.App. 4th 1973); Mills v. Cone Brothers Contracting Company, 265 So.2d 739 (Fla.App.2d 1972). In the instant case the act giving rise to appellant's conviction for culpable negligence resulted in death.
In light of the foregoing it is apparent that the misdemeanor of culpable negligence (as formerly defined) was neither a necessarily included lesser offense (within the major offense of manslaughter) nor a lesser included offense by virtue of the pleadings and proof (because of the death of the victim). Brown v. State, 206 So.2d 377 (Fla. 1968); Gilford v. State, 313 So.2d 729 (Fla. 1975).[3] Therefore the instruction on culpable negligence, having no basis in law and in fact, was erroneous.
Accordingly, the judgment of conviction based upon such erroneous instruction is void and set aside and the cause remanded to the trial court for such other proceedings as may be consistent herewith.[4] Cf. Greene v. City of Gulfport, 103 So.2d 115 (Fla. 1958); Johnson v. State, 226 So.2d 884 (Fla.App.2d 1969); Causey v. State, 307 So.2d 197 (Fla.App.2d 1975).
REVERSED AND REMANDED.
WALDEN, C.J., MAGER, J., and TURNER, W. ROGERS, Associate Judge, concur.
NOTES
[1] Sec. 782.07, F.S. 1973, provides: "The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
[2] Sec. 784.05, F.S. 1973, provides: "Whoever through culpable negligence, or a reckless disregard for the safety of others inflicts any personal injury or injuries upon another, not resulting in death, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."
[3] The trial court could have instructed the jury on aggravated assault but no request therefor or objection to its omission was made by appellant. McCullers v. State, 206 So.2d 30 (Fla.App.4th 1968); Appell v. State, 250 So.2d 318 (Fla.App.4th 1971).
[4] It is unnecessary to consider the other issues raised by the appellant in view of the conclusion reached herein.