PER CURIAM.
The appellant was, by information, charged with an assault to commit murder. He was tried and found guilty of culpable negligence. Upon the rendition of the jury verdict, the trial court adjudicated the defendant guilty and sentenced him to the maximum term allowed. This appeal ensued.
The appellant contends that culpable negligence is not a lesser included offense to the crime upon which he was informed against. The culpable negligence statute, at the relevant time, was § 784.05, Fla. Stat.,[1] which read in part as follows:
“784.05 Punishment for culpable negligence. — Whoever through culpable negli *658 gence, or a reckless disregard for the safety of others inflicts any personal injury or injuries upon another, not resulting in death, shall be guilty of a misdemeanor of the first degree, * * * ”
There was no allegation of negligence on the part of the defendant. There was no allegation that he inflicted personal injury to another, and this conviction and adjudication must be reversed. See: Murray v. State, Fla.App.1976, 328 So.2d 501. Therefore, this cause is returned to the trial court with directions to discharge the defendant.
Reversed and remanded, with directions.

. This statute was amended effective October 1,1975.