336 So.2d 1261 (1976)
Jimmie Lee WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. Z-107.
District Court of Appeal of Florida, First District.
August 19, 1976.
Rehearing Denied October 7, 1976.
*1262 Paul L. Martz of Martz & Parker, St. Augustine, for appellant.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
Appellant was convicted of manslaughter and sentenced to serve six months imprisonment and nine and one-half years probation. On appeal, he argues that his conviction should be reversed because of the trial court's error in failing to direct a verdict of acquittal and the refusal of the trial court to give a requested jury instruction.
Appellant was prosecuted for the shooting death of Jackie Green who, along with appellant and an entire cast of characters, was present at Spud's Bar in St. Johns County on December 15, 1975. The fracas began when an inebriated Willie Webb bumped against a table in the bar and was knocked down by Joe Evans. A spirited discussion ensued, during which a pistol went off, a knife was pulled, and a shotgun was stuck in appellant's stomach. It appeared at this point that the matter would end peacefully, as the participants began "cooling down". It was only at this juncture that a car bearing the victim pulled into Spud's parking lot. The victim was not involved in any fashion with the altercation which had just occurred, and appellant had no ill feelings toward him whatsoever. However, when the driver of the car which brought the deceased to the scene removed a shotgun from the trunk of his automobile, appellant went to his own truck and retrieved his shotgun, which he held pointed towards the ground while he talked to a group outside the bar. Appellant knew that the gun was loaded but claimed that he did not know whether the safety was on or off. Soon thereafter, appellant's shotgun discharged, thereby striking Jackie Green who was taken to Putnam Memorial Hospital where he was pronounced dead upon arrival.
The witnesses had varying accounts as to how appellant's shotgun was fired. Alvin Jones testified that appellant was swinging his shotgun when it went off. Betty Newsome testified that appellant was moving the gun from his left hand to his right when the shotgun went off. Sarah Jordan stated that appellant had the shotgun in one hand and a drink in the other when the shotgun was fired. She saw Jackie Green, after being shot, limp toward appellant and say, "Nip, you done shot me, but I know you didn't mean it". According to appellant, he asked one of the persons present for a drink of whiskey and as he was throwing the shotgun over his arm, it discharged.
Under the above-stated facts, we find that the trial court was correct in granting appellant's motion for judgment of acquittal as to second degree murder, but in denying his motion as to the lesser included offense of manslaughter. The evidence was sufficient to establish a jury question as to whether appellant was culpably negligent. The cases cited by appellant, specifically Getzie v. State, Fla.App. 4th 1966, 193 So.2d 679, and Sharpe v. State, Fla.App.2d 1960, 120 So.2d 206, are factually distinguishable. More on point is McBride v. State, Fla.App. 1st 1966, 191 So.2d 70.
The trial court also declined to instruct the jury that "a person who by reason of threats or prior difficulties has reason to fear that he may be in danger of death or of great bodily harm at the hands *1263 of another has the right to arm himself and go about his usual business of affairs." The requested instruction was immaterial under any version of the facts of this case. Appellant was not convicted of arming himself nor of possessing a gun, but with acting in a culpably negligent manner after he obtained the gun. The issue of whether or not it was lawful for appellant to arm himself after ample evidence of provocation and reason to apprehend harm was totally irrelevant to the charge of manslaughter. The result would have been the same even had he possessed a permit to carry a weapon. It follows that the requested instruction was properly denied.
AFFIRMED.
McCORD, J., and SCHLEGEL, LEW E., Associate Judge, concur.