348 So.2d 670 (1977)
Frances O'BERRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1398.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Bennett H. Brummer, Public Defender, and Karen Gottlieb, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
HENDRY, Chief Judge.
Appellant, defendant below, appeals her conviction and sentence for the crime of manslaughter.
An information was filed against appellant charging her with one count of second degree murder for the shooting death of her boyfriend, one Vincent Lyon, in violation of Section 782.04, Florida Statutes (1975). The shooting occurred at a bar where appellant worked and where the deceased had been drinking just prior to the incident. Allegedly, the deceased, in a jovial mood, gave appellant a gun and urged her to point it at him and pull the trigger. Appellant, who had allegedly believed the gun to be unloaded, took the weapon, pointed it at Lyon and pulled the trigger. The gun discharged, sending a fatal bullet into the forehead of the deceased.
During the course of the trial, the State offered as evidence, inter alia, a triad of bloody exhibits. First, the state offered a color photograph of the deceased, covered with blood, showing a gaping hole in his forehead where the bullet had penetrated; second, the deceased's bloody clothing was offered; and third, a vial of the victim's *671 blood, taken from the scene of the shooting, was offered. The photograph was allegedly offered to identify the victim and to show the location of the fatal wound, while the vial of blood and blood-stained clothing were offered to rebut the defense theory of self-defense, i.e., only the victim's blood was present at the scene.
Defense counsel objected to the introduction of the exhibits on the grounds of relevancy, materiality and undue prejudice. The objections were overruled and the exhibits admitted into evidence. At the conclusion of the trial, a jury returned a verdict of guilty as to the lesser included offense of manslaughter and appellant was sentenced to fifteen (15) years imprisonment. This appeal follows.
Appellant has raised two points on appeal, only one of which deserves discussion.
Appellant contends that the trial court erred in admitting the above exhibits into evidence in that the items were neither relevant nor material to any issue involved and were so overly prejudicial so as to deprive appellant of a fair and impartial trial, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. The bases of appellant's contention were that: (1) the color photograph was cumulative in that a prior black and white photograph of the victim had been introduced into evidence which clearly showed both the identity of the victim and the wound suffered and (2) that the vial of blood and blood-stained clothing, introduced to refute the defense of self-defense, was irrelevant to the issue as no such defense was ever raised by appellant at trial.
After carefully reviewing the record, briefs and arguments of counsel we agree with appellant that the court erred in admitting the three exhibits into evidence, however, we disagree with appellant's conclusion that the introduction of the items deprived her of a fair trial.
Section 924.33, Florida Statutes (1975), provides that:
"No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
At trial, it was conclusively established that appellant shot and killed the victim. The only real questions to be answered by the jury were whether appellant believed the weapon to be loaded at the time of the shooting and, notwithstanding her belief, whether she was culpably negligent in proceeding with the aforementioned course of conduct. As such, we conclude that the errors committed were harmless in nature, as they did not injuriously affect the substantial rights of appellant. Wells v. State, 256 So.2d 580 (Fla. 3d DCA 1972); see also, Ballard v. State, 323 So.2d 297 (Fla. 3d DCA 1975).
Accordingly, appellant's conviction and sentence are hereby affirmed.
Affirmed.
PEARSON, Judge (concurring specially).
The defendant's own case was, in fact, an admission of culpable negligence resulting in the death of another. See the principles of law stated in Hulst v. State, 123 Fla. 315, 166 So. 828 (1936); Walter v. State, 157 Fla. 684, 26 So.2d 821 (1946); and Murray v. State, 328 So.2d 501 (Fla. 4th DCA 1976). Therefore, there was no issue concerning the guilt of the defendant of the crime for which she was found guilty by the jury.
BARKDULL, Judge, concurs in the majority opinion authored by Judge HENDRY and the special concurring opinion authored by Judge PEARSON.