444 So.2d 1063 (1984)
Otis McMULLEN, Appellant,
v.
STATE of Florida, Appellee.
No. AR-280.
District Court of Appeal of Florida, First District.
January 24, 1984.
Steven L. Bolotin, Asst. Public Defender, and Lance Block, Legal Intern, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant was convicted of manslaughter and sentenced to fifteen years probation with one year of incarceration to be served in the Tallahassee Community Correctional Center. On appeal he argues that his conviction should be reversed because of the trial court's error in failing to grant his motion for judgment of acquittal. We affirm.
Appellant was prosecuted for second degree murder for the shooting death of Mark Ehrbar who, along with appellant and several others, was present at a friend's home in Wakulla County on July 20, 1982. While the women prepared dinner, several of the men began target shooting. The men, including appellant, had been drinking beer, though Ehrbar was intoxicated to the point of being unsteady on his feet. Ehrbar picked up a bottle, placed it on his head and asked appellant to shoot it off, which appellant did from a distance of approximately five to six feet. Another of the company, James Forehand, also placed a can on his head, and appellant shot it off.
The group then moved to the edge of the woods and resumed target shooting, but with appellant's .22 calibre automatic Ruger. Forehand was told by someone other than appellant to reload the Ruger, which was loaded by a clip. Forehand testified, "I started back to reload it. On the way, I passed a mudhole and fired the gun into it. I turned around and said that there was one other in there. I went on and started loading the clip. My wife come out. She called us in to eat. I laid the gun down on the trunk of the car and went in. They didn't follow me... ."
Because dinner was not quite ready, Forehand came back outside and began to reload the clip. He heard a shot and turned to see Ehrbar fall to the ground with a bullet wound in his forehead. Although Forehand testified that he thought the gun was empty when he laid it on the car, he explained that the gun could fire one time without the clip if a bullet remained in the chamber. He admitted that he could not remember whether the clip had first been removed before he fired into the mudhole, and that he had not checked the gun for remaining bullets. He also stated that ammunition had been lying next *1064 to the gun on the trunk when he was called in for dinner.
Kaye Forehand testified that Ehrbar had asked appellant to shoot the can off of his head, and then ran back about thirty feet while holding the can on his head in order "to make it harder." She witnessed appellant carefully aiming the gun for several seconds before firing.
Appellant testified that he had thought the gun was not loaded after hearing it being fired into the mudhole, and therefore did not care how far Ehrbar backed up. Appellant admitted, however, that he had not checked the gun to confirm the fact that it was unloaded before firing it.
On these facts, the trial court was justified in denying appellant's motion for judgment of acquittal as to manslaughter. The evidence was certainly sufficient to establish a jury question as to whether appellant was culpably negligent. Williams v. State, 336 So.2d 1261 (Fla. 1st DCA 1976). There is no question that the deliberate act of pointing a gun at another human being, especially one who is visibly intoxicated, amounts to an act in utter disregard for the safety of others, and one that appellant reasonably should have known was likely to cause death or great bodily injury. As was the case in McBride v. State, 191 So.2d 70 (Fla. 1st DCA 1966), appellant here "set the stage for the tragedy which ultimately followed (an accidental shooting) even though he may have had [no] intention of killing the decedent." 191 So.2d at 71; see also Marasa v. State, 394 So.2d 544, 547 (Fla. 5th DCA 1981); O'Berry v. State, 348 So.2d 670 (Fla. 3d DCA 1977).
The conviction appealed is AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.