PEARSON, Judge.
The appellant was found guilty upon a two-count information after a non-jury trial. Count one charged the appellant with willfully destroying or damaging telephone equipment in violation of § 822.10, Fla.Stat., F.S.A. Count two charged him with possession of burglarious tools in violation of § 810.06, Fla.Stat., F.S.A. The appellant urges that the evidence is insufficient to sustain the convictions.
While patrolling in an unmarked automobile during the early morning hours, a police officer of the City of Hialeah observed a person in a telephone booth. The telephone in the booth was protected by a silent alarm which rang in the police station if the telephone were tampered with. After the officer travelled about five blocks beyond the booth, he was informed by radio that someone was tampering with the telephone in the booth he had just passed. The officer immediately made a u-turn, retrav-elled the five blocks, and apprehended the appellant seven or eight yards from the booth. The telephone was in a damaged condition. The change box had been pried loose, and a part of the telephone was on the floor of the booth. A pry bar, screw driver, and tire iron were also on the floor of the booth.
Appellant contends that because the state was unable to present eye witness testimony that he was the person inside the booth, the circumstantial evidence presented is not sufficient to sustain the convictions under the rules stated in Mayo v. State, Fla.1954, 71 So.2d 899, 904, and Dedge v. State, 128 Fla. 343, 174 So. 725 (1937). We hold that the circumstantial evidence presented was sufficient to sustain a finding that the appellant was inside the telephone booth when the telephone was damaged, and *628 therefore the evidence is sufficient to sustain the convictions. The facts that (1) an extremely short period of time elapsed between the time the arresting officer passed the booth and the time he returned and arrested the appellant, and (2) the appellant was arrested at a point quite near the telephone booth distinguish this case from Dedge, above, and preclude any reasonable hypothesis of innocence. See Chason v. State, 148 Fla. 540, 4 So.2d 691 (1941). Therefore, the requirement of Mayo, above, has been satisfied. In the instant case where the appellant was apprehended seven or eight yards from a telephone booth containing a damaged telephone and a very short time after the telephone was damaged, we think the only reasonable hypothesis is that he was the person inside the booth when the officer passed the booth and that he was the person who damaged the telephone.
Affirmed.