PER CURIAM.
Appellant was found guilty after a non-jury trial of breaking and entering a dwelling house with intent to commit grand larceny. The only substantial question raised on this appeal is the sufficiency of the evidence to establish that the appellant, who was the driver of the car used in the crime, knew that the crime was being committed. He relies upon Williams v. State, Fla.App. 1968, 206 So.2d 446, for reversal.
The record reveals that the appellant drove the active participants to the residence to be entered and there continued to circle the area seven or eight times while the crime was in progress. He was taken into custody when he stopped at the scene of the crime. These facts distinguish appellant’s position from that of the driver in Williams v. State, supra, where the court found that there was a reasonable hypothe *61 sis consistent with Williams’s innocence. Appellant’s actions here clearly indicate that he knew a crime was in progress and was there to aid in its perpetration. Cf. Luke v. State, Fla.App.1967, 204 So.2d 359.
Affirmed.