228 So.2d 124 (1969)
Ramon BETANCOURT, Appellant,
v.
STATE of Florida, Appellee.
Eleodoro Rodriguez CORRADO, Appellant,
v.
STATE of Florida, Appellee.
Luis Agustin MONTALVO, Appellant,
v.
STATE of Florida, Appellee.
Nos. 69-205 to 207.
District Court of Appeal of Florida. Third District.
November 18, 1969.
Rehearing Denied December 8, 1969.
*125 Barry L. Garber and Angus M. Stephens, Jr., Miami, for appellants.
Earl Faircloth, Atty. Gen., and Melvin Grossman and Jesse J. McCrary, Jr., Asst. Attys. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PEARSON, Chief Judge.
Ramon Betancourt, Eleodoro Rodriguez Corrado, Luis Agustin Montalvo, and two others not parties to these appeals, were jointly charged in an information with (1) "conspiracy to commit a felony, to wit: the sale of marijuana", and (2) "unlawful possession of marijuana. They were tried without a jury. Betancourt was adjudicated guilty on both counts. He was sentenced to five years imprisonment on the possession count and to two and a half years on the conspiracy count, the sentences to run concurrently. Corrado and Montalvo were adjudicated guilty only on the possession count and sentenced to three years imprisonment. The separate appeals filed were consolidated for all appellate purposes. We have examined the record in the light of the contentions presented and affirm the judgments and sentences on each appeal.
The record reveals that the following events occurred on 31 December 1967. Detective Anthony Martin, a witness for the state, was at his home in Hialeah. At about 8 A.M. one Nestor Gonzales (a defendant tried separately) arrived at Martin's home by pre-arrangement. Shortly thereafter Detective Murphy, also a witness for the state, joined the two. Then a car containing Betancourt, Montalvo, Corrado, and one Garcia, stopped on the roadway near Martin's home. The car was followed by a panel truck. Betancourt got out of the car and directed the panel truck into Martin's back yard. The car parked about 300 feet from Martin's home. Betancourt went into the house and stated: "The marijuana is here. It is in the bottom of the truck." Before the truck was unloaded, Martin, Murphy, and two police officers who had been waiting outside Martin's home arrested Betancourt, Gonzales, and two other men who were in the truck. The two officers who assisted Martin and Murphy in the arrests had been in unmarked cars and were wearing civilian clothes. All the officers drew guns when they made the arrests. About a minute after the officers placed the previously mentioned four men under arrest, the car in which Betancourt had arrived left at a high rate of speed. One officer fired a shot at the car and hit it. Various police officers gave chase and finally stopped it. During the chase a packet (which was not admitted as evidence) was thrown from the car. The occupants of *126 the car, Montalvo (who had been driving), Corrado, and Garcia, were placed under arrest.
Evidence presented by the state showed that there had been twenty to twenty-five contacts (meetings or telephone conversations) concerning narcotics transactions between Detective Martin and Betancourt and Gonzales. Martin had agreed to take delivery of marijuana for a price of $45.00 per pound. Delivery of narcotics had been scheduled for various dates. The three agreed upon 31 December 1967 as the date for the sale of 600 to 1000 pounds of marijuana. About 592 pounds of marijuana were found in the truck driven to Martin's home.
Appellant Betancourt does not assign as error the possession of marijuana conviction. He does urge that the conviction for "conspiracy to commit a felony, to wit: the sale of marijuana" must be reversed under the holding of King v. State, Fla. 1958, 104 So.2d 730. In King v. State the Supreme Court reversed James H. King's conviction for conspiracy with three other persons (one of whom was an agent of the Miami Crime Commission) to violate the statute forbidding the unlawful keeping or maintaining of a place for the purpose of gambling. The holding of the Supreme Court was "that where two or more persons conspire with another who is, unknown to them, a government agent acting in the line of duty, to commit an offense under an agreement and an intention that an essential ingredient of the offense is to be performed by, and only by, such government agent, such persons may not legally be convicted of a conspiracy." 104 So.2d at 733.
Appellant Betancourt urges that an essential ingredient of the offense to the conspiracy to sell marijuana is the purchase.
Section 398.02(9), Fla. Stat. (1967), F.S.A. states that the term "sale" as used in Chapter 398, Fla. Stat. (1967), F.S.A. (the Uniform Drug Law), "includes barter, exchange, or gift, or offer * * *." (Emphasis added.) We conclude that to offer to sell marijuana is to sell marijuana within the meaning of § 398.03, Fla. Stat. (1967), F.S.A., and that an actual purchase is not an essential element of the offense of unlawful sale of marijuana. Therefore, the holding of King v. State is inapplicable to this case. The evidence presented by the state showed at the very least that Betancourt conspired with Gonzales to sell marijuana. The judgment of conviction for conspiracy to sell marijuana is therefore affirmed.

APPEAL OF ELEODORO RODRIGUEZ CORRADO and LUIS MONTALVO
Corrado and Montalvo contend that the evidence was insufficient to establish that they knew of the presence of or had any control over marijuana and that therefore their convictions of unlawful possession of marijuana must be reversed. See Frank v. State, Fla.App. 1967, 199 So.2d 117; Markman v. State, Fla.App. 1968, 210 So.2d 486; Chariott v. State, Fla.App. 1969, 226 So.2d 359.
Montalvo and Corrado drove to Martin's house, together with Betancourt, in a car which was followed by the truck containing the bulk marijuana. Betancourt left the car, and the driver parked the car. Were it not for these facts, the proposition that they fled in the car because the sight of guns in the hands of four men in civilian clothes (recalling that the arresting officers were not in uniform and had drawn their guns to arrest Betancourt, Gonzales, and the two men in the truck) threw them into a panic might be a reasonable hypothesis of innocence consistent with the evidence. But since they did drive to Martin's, together with Betancourt in a two vehicle caravan, and since they parked after Betancourt left the car for Martin's house, their flight is consistent with a hypothesis of guilty knowledge and inconsistent with a reasonable hypothesis of innocence. The evidence against Corrado and Montalvo is sufficient because circumstantial evidence may prove guilt when the circumstances are susceptible of only one reasonable interpretation. *127 See McBride v. State, Fla.App. 1966, 191 So.2d 70; Koenig v. State, Fla.App. 1968, 214 So.2d 627; Ponce v. State, Fla. App. 1969, 219 So.2d 60.
The judgments appealed from are affirmed.