PEARSON, Chief Judge.
Carlos Rodriguez Delgado and Guillermo Montes Lago each appeal from judgments declaring them guilty of the unlawful sale of narcotics and from sentences of five years in each case after trial by court. Appellants were co-defendants in the trial court; their separate appeals were consolidated for argument. Each appeal challenges the sufficiency of the evidence to support the judgment of guilt.
The state’s case rested primarily upon the testimony of an undercover agent who was engaged in a course of dealings in an attempt to purchase narcotics through another defendant named Reyes, who was tried separately and is not a party to this appeal. An arrangement was finally made in conversations by Lago and the agent for the purchase of a quantity of cocaine. The arrangements were made by Lago after Lago and Delgado and an unidentified individual drove up to the agent in a parking lot. Delgado remained in the car the trio had arrived in while Lago made the arrangements with the agent. The cocaine was later delivered by Delgado in accordance with the plan worked out at that meeting. Delgado was arrested upon a prearranged signal before any money was passed to him but after the agent received the cocaine. Delgado was sitting in the agent’s car at that time.
Each appellant took the stand in his own defense. Lago denied ever having any conversations with the agent or selling him any narcotics. Delgado said that he had simply picked up a package to be delivered and that he did not know what it contained.
The appellants urge that there was no sale because there was no transfer of money. We have recently held that an *652 offer to sell narcotics is a sale of narcotics within the meaning of § 398.03, Fla.Stat. (1967), F.S.A. Betancourt v. State, Fla.App.1969, 228 So.2d 124. In the present instance it is clear that each of the appellants participated in the arrangements for the delivery and that the delivery was made pursuant to these arrangements. They offered cocaine for sale and therefore violated § 398.03. We therefore hold that this objection is without merit.
Appellants also claim error in the denial of their motion for a directed verdict upon the basis that the evidence against them is purely circumstantial and that it is susceptible to a reasonable explanation of innocence. See, e. g., Raybon v. State, Fla.1954, 75 So.2d 7, 46 A.L.R.2d 1381. Our review of the record convinces us that the evidence is not entirely circumstantial. There is direct testimony as to the actions of the appellants in participating in the sale of cocaine. Even if the evidence is considered as circumstantial it is susceptible to no reasonable hypothesis except the guilt of the appellants. See McBride v. State, Fla.App.1966, 191 So.2d 70; Koenig v. State, Fla.App.1968, 214 So.2d 627; Ponce v. State, Fla.App.1969, 219 So.2d 60; Betancourt v. State, above.
Affirmed.