359 So.2d 923 (1978)
Rudolph Joseph MILAZZO, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1749.
District Court of Appeal of Florida, Third District.
June 20, 1978.
J. Edward Worton, Key West, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
*924 Before BARKDULL, NATHAN and HUBBART, JJ.
BARKDULL, Judge.
Appellant, after a jury trial, was convicted of two counts of sale of cocaine, in violation of Sections 893.03, 893.13, Florida Statutes (1975-1976). The trial court sentenced appellant to two fifteen-year terms, to run concurrently.
Appellant raises two points on appeal. The first is that the trial court erred in limiting cross-examination of a State's witness as to his prior employment. In response, the State contends that the prior occupation of a police officer is irrelevant to the issue of sale or delivery of cocaine. We agree with the State. This testimony was irrelevant to the case and was properly excluded. See: Crespo v. State, 344 So.2d 598 (Fla.3d DCA 1977). Furthermore, the witness' prior occupation was in fact established before the jury.
By his second point, the appellant alleges error in failing to give his requested jury instruction on attempted sale or delivery of a controlled substance. The State, however, while recognizing the necessity of instruction on lesser included offenses, contends that attempted sale of narcotics and sale of narcotics constitute the same crime, negating the necessity of giving the requested charge.
In support of his contention, appellant relies on Fla.R.Crim.P. 3.510, which provides:
"Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense * * *" [emphasis added]
He also relies on Lightfoot v. State, 331 So.2d 388 (Fla.2d DCA 1976); Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976); Lomax v. State, 345 So.2d 719 (Fla. 1977).
Upon reviewing these authorities, we find Garrison v. State, supra, and Lomax v. State, supra, are not applicable in the instant case. Neither of these cases deal with crimes involving sale of controlled substances but, rather, they deal with robbery, aggravated assault, and receiving stolen property, all of which recognize attempt as a lesser included offense pursuant to Brown v. State, 206 So.2d 377 (Fla. 1968) and its progeny.
On the other hand, Lightfoot v. State, supra, is on point, holding that attempted sale of heroin is a separate offense requiring an instruction on attempt. For the following reasons, we respectfully decline to follow that holding.
In order to justify a charge on attempt it is necessary that such attempt is itself an offense. Brown v. State, supra; Fla.R.Crim.P. 3.510. But, "If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime." King v. State, 317 So.2d 852 (Fla.1st DCA 1975), affirmed 339 So.2d 172 (Fla. 1976).
Section 893.02(4), Florida Statutes (1975) provides that: "`Deliver' or `delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is any agency relationship." Attempted delivery and actual delivery are, by definition, the same crime; and instruction that attempted delivery is a separate crime would have been improper.
Florida Standard Jury Instructions in Criminal Cases, as approved by the Florida Supreme Court, provide that: "`To sell' means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." A "sale" is nothing more than a "delivery" with consideration; the transfer being the essence of the "sale". An offer to sell, by definition, is a sale and not a separate crime of attempted sale. Betancourt v. State, 228 So.2d 124 (Fla.3d DCA 1969); Delgado v. State, 229 So.2d 651 (Fla.3d DCA 1969).
To hold that attempted sale is a crime distinct from sale would result in absurdity. Attempted sale would be defined as an attempt to "deliver [i.e., to attempt transfer] *925 something to another person in exchange for money or something of value or a promise of money or something of value". The Legislature did not intend to separately punish an "attempt to attempt to transfer for consideration". There can be no crime of attempt to attempt to do something. King v. State, supra; Henry v. State, 344 So.2d 1311 (Fla.3d DCA 1977).
Notwithstanding its holding in Lightfoot v. State, supra, the Second District Court of Appeal recognized the foregoing rationale in the case of State v. Vinson, 298 So.2d 505 (Fla.2d DCA 1974), wherein in dealing with the question of delivery under Section 893.13, Florida Statutes (1973), it stated:
* * * * * *
"This raises the question of whether it would be necessary for the prescription to be filled in the instant case before the felony could be committed. Ordinarily it would, because the word `delivery' refers to the transfer of the drug rather than the transfer of the prescription. Therefore, one who issues such a prescription which is never filled would have only committed an attempt which, under normal circumstances, would be punishable under § 776.04, F.S.A. However, that statute, by its terms, only applies `when no express provision is made by law for the punishment' of an attempt. In Chapter 893, delivery is defined as the `actual, constructive or attempted transfer.' Therefore, one who attempts to make the transfer is guilty of the substantive offense even though the transfer is not successful. The physician who has issued a prescription for a drug in bad faith and not in the course of his professional practice has done everything he can do toward committing the crime. Because of the definition of delivery, he is just as guilty where the transfer of the drug never takes place as where it does." [emphasis supplied]
* * * * * *
In the case of Henry v. State, supra, this court, when confronted with a question of refusal to give a charge on attempted unlawful possession of dynamite, recognized the aforementioned principle in holding that if there is no crime of attempt under the applicable statutes no instruction thereon is necessary.
Therefore, we hold that for purposes of Sections 893.03, 893.13, Florida Statutes (1975-1976), attempted delivery is, by definition, the same crime as delivery; attempted sale (an element of which is delivery) is, by definition, the same crime as sale.
Based on the foregoing, the trial court properly excluded separate instructions on these "attempts", and the convictions, adjudications, and sentences are therefore affirmed.
Affirmed.