377 So.2d 1161 (1979)
Rudolph Joseph MILAZZO, Petitioner,
v.
STATE of Florida, Respondent.
No. 55265.
Supreme Court of Florida.
December 13, 1979.
J. Edward Worton, Key West, for petitioner.
*1162 Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
ALDERMAN, Justice.
We have for review by petition for writ of certiorari the decision of the Third District in Milazzo v. State, 359 So.2d 923 (Fla.3d DCA 1978), which conflicts with the decision of the Second District in Lightfoot v. State, 331 So.2d 388 (Fla.2d DCA 1976).
The defendant, Milazzo, was convicted of selling or delivering cocaine, in violation of section 893.13, Florida Statutes (1975). The trial court instructed the jury on sale and delivery of cocaine but denied Milazzo's requested instructions on attempted sale and attempted delivery. After his conviction, Milazzo appealed, assigning as error the trial court's refusal to instruct the jury on attempt. The Third District affirmed, saying an attempt instruction was unnecessary because attempted sale and attempted delivery are synonymous with sale and delivery. Although we do not accept the rationale of the Third District relating to the need for an instruction on attempted sale of cocaine, we find that the trial court's failure to give such instruction, under the particular facts of this case, was not reversible error, and we affirm the defendant's conviction.
In Brown v. State, 206 So.2d 377, 381 (Fla. 1968), this Court said:
[T]he trial judge must determine as a matter of law whether an attempt to commit the crime charged would itself constitute an offense under Florida law. If he determines that it does ... then he must instruct the jury on the subject of such attempt, and the jury may find guilt accordingly. In this situation it is immaterial whether the accusatory pleading specifically charges an attempt... .
Section 893.02(4), Florida Statutes (1975), defines "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." (Emphasis added.) By definition, both the actual transfer and the attempted transfer are sufficient to constitute the act of delivery. Under this definition, there can be no such offense as attempted delivery of cocaine. The trial court, therefore, did not err in refusing to give a separate instruction on attempted delivery.
The problem posed by the trial court's refusal to instruct on attempted sale is not so easily resolved because the legislature, in chapter 893, has not defined the term "to sell." When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense. We recently held that a sale involves more than a delivery and that by common understanding consideration is a part of every sale. State v. Stewart, 374 So.2d 1381 (Fla. 1979). We also recognize that the ordinary definition of sale does not include attempted sale and that, in common usage, the terms "sale" and "attempted sale" are not synonymous.
The Third District, in concluding that an attempted sale of cocaine is the same as a sale and not a separate offense, relied upon Betancourt v. State, 228 So.2d 124 (Fla.3d DCA 1969), and Delgado v. State, 229 So.2d 651 (Fla.3d DCA 1969). In Betancourt and Delgado, the defendants violated a statute which defined sale to include the "barter, exchange, or gift, or offer thereof, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee." Section 398.02(9), Florida Statutes (1967) (emphasis added). Those cases, however, are no longer controlling because the statute applicable in the present case does not define sale, and the common definition of sale does not include attempted sale.
In Lightfoot v. State, the defendant was convicted of selling and possessing heroin. The Second District affirmed the conviction for possession of heroin but reversed the conviction for the sale of heroin because the jury was not instructed on the separate offense of attempting to sell heroin. Lightfoot correctly holds that the attempted sale of heroin is a separate offense; yet, our *1163 analysis of the present case cannot end with Lightfoot because Milazzo was charged and convicted in the alternative of selling or delivering cocaine rather than just selling cocaine.
Although we do not approve the future use of such an ambiguous verdict, its use in this case has not resulted in reversible error. Even though the verdict was in the alternative, the jury could not have found the defendant guilty of a sale without also finding him guilty of a delivery because delivery is one of the essential elements of a sale. Conversely, the jury might have found him guilty of the delivery without finding him guilty of a sale because there may be a delivery without a sale. In any event, it is clear that the jury in this case found, at the very least, that there was a delivery of cocaine. It is also clear that a person found guilty of the delivery of cocaine would not have been entitled to an instruction on attempted delivery because there is no such offense. Under the particular circumstances of this case, we conclude that the trial court's failure to instruct on attempted sale has not prejudiced the defendant.
Accordingly, although we reject the district court's rationale relating to the necessity for an instruction on attempted sale of cocaine, we agree that Milazzo's conviction and sentence should be affirmed. That portion of the district court's opinion which is inconsistent with this decision is disapproved.
It is so ordered.
ADKINS, BOYD and OVERTON, JJ., concur.
ENGLAND, C.J., dissents.