ERVIN, Judge.
Amerson was convicted of conspiracy to sell cocaine after pleading no contest, reserving his right to appeal the denial of his motion to suppress the fruits of intercepted wire communications on the telephone of codefendant Eddie Mangun.
A trial judge authorized interception of wire communications at the Mangun residence based on the affidavit of Deputy Williams that he had first met, through a *1388 confidential informant, Eddie, who at that time had discussed with him the sale of cocaine. Eddie told the deputy his supply was exhausted but more would be available in a few days. He suggested the deputy call him later, giving him the telephone number of his residence, which was the number the affiant sought to tap. Later, a confidential informant outfitted with a bugging device called Eddie and discussed purchasing Vi ounce of cocaine for $375. The informant and the deputy went to Eddie’s residence and purchased the cocaine. At that time, Eddie told him he could get ounces of cocaine for cash. On another occasion, the deputy called Eddie to purchase Vz ounce of cocaine for $750, and Eddie told the deputy he could purchase cocaine weekly in those amounts or more. The deputy purchased Vz ounce of cocaine from Eddie for $750. At another time, over the telephone, Eddie told the deputy he had just gotten back in town with a load of cocaine, that he was on his way north to sell it and had stopped in town only long enough to sell to his regular customers. Finally, during a surveillance of Eddie’s residence, several persons were seen entering and leaving it. The affiant concluded that Eddie was dealing in very large quantities of cocaine[1] and that a wiretap order was necessary to determine the “identity of persons violating Chapter 893 ... and ... engaged in conspiracies to violate said Chapter ...” with the white' male known as Eddie. The affiant stated that other methods of investigation had been tried or were not useful in discovering the unknown individuals Eddie was dealing with and the ultimate source of the cocaine.
The judge found probable cause to believe that the white male known as Eddie and other unknown persons “are committing, have committed and are about to commit one of the offenses enumerated in Florida Statute 934.07, to wit: the possession, delivery and sale of controlled substances in violation of Chapter 893, ... and that the said offenses are being carried on as a conspiracy .... ” The trial judge issuing the order found that the affidavit established probable cause to believe that Eddie’s telephone had been and was about to be used in the offense of dealing in narcotic drugs.
Appellant argues that the trial court erred in denying the motion to suppress because the affidavit did not establish probable cause to believe the telephone was being used in furtherance of a conspiracy to commit a violation of Florida law in that the affidavit failed to state any person other than Eddie had been involved in the sale of cocaine to the officers. Clearly a conspiracy involves an agreement between two or more persons to commit an illegal act. Section 777.04(3), Florida Statutes (1977); King v. State, 104 So.2d 730, 732 (Fla.1957); Betancourt v. State, 228 So.2d 124 (Fla. 3d DCA 1969). Still, the sufficiency of an affidavit to establish the necessary elements supporting the issuance of a wiretap order must be determined from reading all of the affidavit, Rodriguez v. State, 297 So.2d 15, 17 (Fla.1974), and it should be tested “in a common sense and realistic fashion.” United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).
It was not necessary for the affidavit to allege specifically that Eddie and another person were using the telephone for the purpose of conspiring to deliver a controlled substance to a third person, such as the informant or the officer. If the affidavit alleges facts from which it can be reasonably believed that the party whose communications are sought to be intercepted is committing or is about to commit a proscribed offense and that the interception *1389 will reveal a communication relating to that offense, probable cause is established which will justify the issuance of an order authorizing the interceptions. See Rodriguez v. State, supra. The sufficiency of the affi-ant’s direct observations and the reasonable inferences derived from those observations-while not adequate to justify a conviction of conspiracy-nevertheless furnished probable cause to believe that Eddie and other unknown persons had conspired to violate the narcotics laws. It was reasonable for the affiant, due to Eddie’s representations that he could supply him weekly with large amounts of cocaine, to believe that Eddie in turn was being provided cocaine from another source. Therefore the wiretap order was valid in order to discover the source from whom Eddie Mangun was reasonably believed purchasing and later distributing.
United States v. Baynes, 400 F.Supp. 285 (E.D.Pa.1975) is instructive. There an informant was bugged by the government and sent into the home of three individuals to discuss buying heroin from them. After several talks, by phone and in person, with each of them separately, resulting in at least one purchase from each, the government applied for a wiretap order to discover other individuals, possibly the source, who were trafficking in heroin with the three named individuals. As to probable cause to believe the three known and the “other unknown persons” were “committing offenses involving the distribution, possession and possession with intent to distribute heroin,” the district court stated:
[T]he conversations and other evidence set forth ... amply demonstrate that there was probable cause to believe that ... [the named individuals] ... and “others as yet unknown” were participants in the scheme of distribution .... 400 F.Supp. at 295.
AFFIRMED.
LARRY G. SMITH and SHIVERS, JJ., concur.

. The affidavit specifically stated:
Further, based upon the large quantities of cocaine Eddie has sold to me, and the larger quantities he has offered to sell me on a weekly basis, it is my opinion that Eddie is selling cocaine to other persons who are in turn selling the cocaine to other persons for consumption.