JORGENSON, Judge.
The question before us is whether the adjective “dependent,” as used in section 627.739, Florida Statutes (1979), has some meaning other than its standard English definition “[t]hat depends or has to rely on something else for support, supply, or what is needed,” III Oxford English Dictionary 208-09 (1933).[1]' We hold that nothing in the statute under consideration redefines the word in question and, accordingly, we affirm the trial court’s final summary judgment.
The relevant statutory language states that the named insured may elect a deductible “to apply to the named insured alone, or to the named insured and dependent relatives residing in the same household,” § 627.739, Fla.Stat. (1979) (emphasis added).[2] On February 2, 1981, Lumber-mens’ named insured obtained a personal injury protection policy and checked a box on the policy indicating the election of an $8,000 deductible for “each named insured and each dependent relative” (emphasis added). Julian and Eugenia Acosta were the named insured’s son and daughter-in-law. Both resided in the named insured’s home, were employed and filed federal income tax returns for 1980 and 1981. Neither was claimed by the named insured as a dependent on his federal income tax returns and it is undisputed that neither depended on the named insured for financial support. On August 9, 1981, while Julian was driving the named insured’s automobile, Julian and Eugenia were injured in a traffic accident and sustained approximately $5,000 in damages. Because it was less than the $8,000 deductible Lumbermens refused to pay the Acostas’ claim.
Here, as before the trial court, Lumber-mens makes the argument that “depend *1062 ent,” as used in section 627.739, Florida Statutes (1979), means something entirely novel to the definition of the word: “dependent for insurance coverage.” The Acostas, of course, argued and argue that in using the adjective “dependent” the legislature envisioned financial dependence and that the Acostas, therefore, were not “dependent relatives” for purposes of the statute. By agreement of the parties, then, both before the trial court and here, the issue has come down to this: whether as a matter of law “dependent” as used in section 627.739 means “financially dependent” or “dependent for insurance coverage.”
Lumbermens advances two arguments in support of its position. First, it asks that we read the section in question in conjunction with section 627.736(4)(d)3, Florida Statutes (1979), which requires the insurer of the owner of a motor vehicle to pay personal injury protection benefits to the owner’s vehicularly-bodily-injured relatives who do not own a motor vehicle and are domiciled in the owner's household.[3] Lum-bermens argues that if we read these sections together it will be “clear” to us that “dependent relatives” means “resident relatives which are dependent on the named insured for insurance.” Well, it is not. Nevertheless, apparently reading language into section 627.736(4)(d)3 which we cannot find, Lumbermens argues that the section places upon the owner, not the insurer, the requirement that coverage be provided for relatives living in the owner’s household and, therefore, that it makes no sense to require financial dependence for the deductible to apply. Lumbermens offers as a hypothetical horror story the sad tale of two brothers, one financially dependent, one not, who are members of the owner’s household and are injured in a motor vehicle accident. The non-dependent brother would recover personal injury benefits but, because of the deductible, the dependent brother would not. Lumbermens perhaps overlooks the fact, but we doubt it, that in its hypothetical at least someone recovers benefits, whereas if we were to interpret the statute as Lumbermens does neither of the Acostas would recover benefits.
More importantly, as the Acostas point out in their brief, when an owner purchases personal injury protection he is making an economic decision for himself and his dependents. The higher cost of full personal injury protection must be weighed against the lower cost of personal injury protection with a deductible and the chances of later incurring the burden of one’s own or a dependent relative’s medical bills. The non-dependent relative would presumably carry the burden of making his own arrangements against the risk of accidental injury. It is perfectly logical, therefore, that non-dependent relatives are excluded from the optional deductible.
Lumbermens attempts to buttress its first argument by analogizing the present situation to the right of a named insured to completely waive uninsured motorist coverage for all insureds. This argument overlooks the structure of Florida’s no-fault insurance system. Owners are required to carry personal injury protection and may elect a deductible for themselves and their dependent relatives but not for others. These minimum requirements are the basis of the no-fault system, without which it could not exist. Uninsured motorist coverage is not pertinent to the system and, therefore, it logically follows that owners are free to reject it. This fundamental difference defeats Lumbermens’ analogy.
Lumbermens’ second argument is premised on the fact that no other state which *1063 allows an owner to elect a deductible for relatives, and Lumbermens names ten such states,[4] makes financial dependence a requirement. Previous to 1977 the adjective “dependent” did not appear in section 627.-739. See, e.g., § 627.739, Fla.Stat. (Supp. 1976) (“to the policyholder alone or to the policyholder and relatives residing in his household” (emphasis added)). Among the amendments to section 627.739 that year, however, was the addition of “dependent.” See Act of July 5, 1977, ch. 77-468, § 37, I 1977 Fla.Laws 2057, 2084 (current version at § 627.739(1), Fla.Stat. (1983)). Lumber-mens argues that because no other state requires financial dependence the Florida Legislature, by inserting the word “dependent” into the statute, could only have meant “dependent-for insurance coverage.” Lumbermens thus argues that the legislature inserted into the statute an entirely superfluous word. It would be difficult indeed for an owner to elect a deductible for a relative who was not afforded coverage by the owner’s policy in the first place. Left then, as we are, with the presumption that the legislature inserted the word “dependent” to add meaning to the statute and the fact that the legislature did not provide a definition for the word it inserted, we construe the common adjective “dependent” to have its plain and ordinary sense, see Milazzo v. State, 377 So.2d 1161 (Fla.1979), “financially dependent.”
Affirmed.

. Although the O.E.D. lists several other definitions of the adjective before us, they are obviously irrelevant to this discussion.

. An act of May 4, 1982, ch. 82-243, § 557, I 1982 Fla.Laws 1289, 1568, inter alia, added the following language: "but may not elect a deductible to apply to any other person covered under the policy.” See § 627.739(1), Fla.Stat. (1983).

. The pertinent language of § 627.736(4)(d)3, Fla.Stat. (1979), states that
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:

3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1. or subparagraph 2., provided the relative at the time of the accident is domiciled in the owner's household and is not himself the owner of a motor vehicle with respect to which security is required under ss. 627.730-627.741.

. Colorado, Delaware, Hawaii, Kentucky, Massachusetts, Michigan, New York, Oregon, Pennsylvania and Utah.