## HALFHILL v PROGRESSIVE AMERICAN INSURANCE COMPANY

Case No. 88-2070-SP-12-B

County Court, Volusia County

December 21, 1988

### APPEARANCES OF COUNSEL

**Sara Hague White,** for plaintiff.

**Brian R. Toung,** for defendant.

### OPINION OF THE COURT

DARREL CARNELL, County Judge.

### *PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF*

While in the process of completing a new residence for himself and his family, plaintiff suffered a fractured vertebra in an automobile accident and was disabled for about five months from February 19, 1988. Although plaintiff, a roofing contractor by trade, had planned to personally install the aluminum soffits, fascia and awnings on the residence and to complete the installation of a fence around the

perimeter, his injuries prevented him from doing so. During the time of his disability, plaintiff paid others $210.00 to finish the fence and $600.00 to do the aluminum work for him. Plaintiff was insured under a policy of insurance issued by defendant providing personal injury protection insurance under the Florida No-Fault Act (Fla. Stat. §§ 627.730 - 627.7405) and seeks in this action to recover sums paid to others to perform work which he would have performed himself, but for his injury and disability. Defendant paid other PIP benefits both prior and subsequent to the institution of this suit and does not challenge the reasonableness of the charges listed above; defendant asserts that the work so done was neither ordinary nor necessary.

Section 627.736(1)(b), Florida Statutes (1987) provides, in pertinent part:

"1. *Required Benefits.* Every insurance policy [issued under this part] . . . shall provide personal injury protection . . . for loss sustained by any such person as a result of bodily injury, sickness, disease or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:

*   *   *

"(b) *Disability Benefits* . . . all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the insured person would have performed without income for the benefit of his household."

Both counsel and the court have searched in vain to discover cases interpreting the language set forth in subparagraph (b), above. Having found no cases, the court must thus accord the quoted language its plain and ordinary meaning. *Citizens of State v Public Service Commission,* 425 SO.2d 534 (Fla. 1983), *Milazzo v State,* 377 So.2d 1161 (Fla. 1979).

The adjective, "ordinary" is defined in Webster's New Collegiate Dictionary as "Of a kind to be expected in the normal order of event." Black's Law Dictionary, Fifth Edition defines it as "Regular; usual; normal; often recurring; according to established order; settled; customary; reasonable; not characterized by peculiar or unusual circumstances; belonging to, exercised by, or characteristic of, the normal or average individual." The definition in Ballentine's Law Dictionary, Third Edition is more succinct: "Usual; normal; common."

The adjective, "necessary" is defined in Webster's New Collegiate Dictionary as "Of an inevitable nature; logically unavoidable; that

34

[which] cannot be denied without contradiction; determined or produced by the previous condition of things; absolutely needed; required." Ballentine's says "Essential; indispensable; unavoidable." The most helpful definition is that found in Black's, as follows:

> "This word must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity o inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. It is an adjective expressing degrees, and may express mere convenience or that which is indispensable or an absolute physical necessity. It may mean something which in the accomplishment of a given object cannot be dispensed with, or it may mean something reasonably useful and proper, and of greater or lesser benefit or convenience, and its force and meaning must be determined with relation to the particular object sought."

The object sought by Florida's motor vehicle no-fault law is the prompt payment of most special damages, regardless of fault. In addition to medical expenses and lost wages, an insured is also entitled to reimbursement for all expense incurred in obtaining from others ordinary and necessary services he would otherwise have performed without income for the benefit of his family.

Under the facts of this case, the court finds that it was both reasonable for plaintiff to incur the expenses and necessary for the work to be done. With regard to the fence, plaintiff required the same to be completed in order to provide a safe area in which his children could play and keep them from the dangers of a nearby street. Likewise, the completion of the aluminum work was necessary in order to prevent rodents from entering the roof space and to prevent exposure to the elements and resulting damage to the walls and foundation of the residence.

Upon consideration thereof, it is ORDERED AND ADJUDGED that plaintiff, KEVIN HALFHILL, have and recover from defendant, PROGRESSIVE AMERICAN INSURANCE COMPANY, damages in the amount of $810.00, plus interest from June 12, 1988 at the rate of 10% per annum until paid.

Jurisdiction is reserved for the purpose of awarding attorney's fees and costs.

DONE AND ORDERED in chambers at Daytona Beach, Volusia County, Florida on this, the 21st day of December, 1988.