Mr. Bruce R. Conroy Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
On behalf of the City of Cape Coral, you ask substantially the following question:
Does a city's personnel policy allowing employees seventeen working days of military leave in each fiscal year (October 1 — September 30) conflict with the provisions in section 115.07(2), Florida Statutes, authorizing leaves of absence of seventeen working days for military training in any one annual period?
In sum:
The city's adoption of a fiscal year (October 1 — September 30) composed of 365 days as the one annual period during which a city employee is entitled to seventeen days of military leave for training complies with the provisions of section 115.07(2), Florida Statutes, authorizing such leave during any one annual period.
You state that the City of Cape Coral historically construed the term "annual period" to mean 365 days from the first day an employee's reserve training leave begins. Under these circumstances, if an employee required further leave after using the statutorily authorized seventeen days within the subsequent 365 days, such leave was either deducted from the employee's annual leave allowance or would be without pay. Recently, however, the city has adopted a personnel ordinance providing that an employee is entitled to seventeen working days of military leave during each fiscal year (October 1 — September 30).
All officers or employees of the state, counties of the state, and municipalities or political subdivisions of the state who are commissioned reserve officers or reserve enlisted personnel in the United States military or naval service or members of the National Guard are entitled to leaves of absence from their respective duties, without loss of vacation leave, pay, time, or efficiency rating, on all days during which they are engaged in military training.[1] Section 115.07(2), Florida Statutes, provides:
Leaves of absence granted as a matter of legal right under the provisions of this section shall not exceed 17 working days in any one annual period. Administrative leaves of absence for additional or longer periods of time for assignment to duty functions of a military character shall be without pay and shall be granted by the employing or appointing authority of any state, county, municipal, or political subdivision employee and when so granted shall be without loss of time or efficiency rating. (e.s)
The term "annual period" is not defined for purposes of section115.07, Florida Statutes. Absent a statutorily prescribed definition, the term is given its plain and ordinary meaning.[2]
"Annual" is defined as "[o]f or pertaining to a year; returning every year; coming or happening yearly. Once a year, without signifying what time in a year."[3] The word "period" means "[a]ny point, space, or division of time."[4] Thus, the plain and ordinary meaning of the term "annual period" would be a division of time composed of one year, i.e., 365 days.[5]
Section 115.07(2), Florida Statutes, does not set forth a specific time period during which the "any one annual period" must be calculated. Rather, the statutory guarantee of seventeen days of military leave during any one annual period would appear to be fulfilled if such leave was given during any one year.
In implementing the requirements of section 115.07, Florida Statutes, the State of Florida has adopted the annual period beginning on October 1 and ending on September 30 of the following year as the "any one annual period" during which employees are granted administrative leave for up to seventeen days of military training.[6]
Accordingly, it is my opinion that the City of Cape Coral may adopt a fiscal year (October 1 — September 30) composed of 365 days as the one annual period during which a city employee is entitled to seventeen days of military leave for training in compliance with the provisions of section 115.07(2), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 115.07(1), Fla. Stat.
[2] See, Milazzo v. State, 377 So.2d 1161 (Fla. 1979), on remand,379 So.2d 159 (Fla. 3d DCA 1980) (When a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense).
[3] Black's Law Dictionary Annual 82 (5th ed. 1979).
[4] Id., Period 1025.
[5] Black's Law Dictionary Year 1448 (5th ed. 1979).
[6] See, Rule 60K-5.034(1), F.A.C.