Dear Ms. Alfonsin Ruiz:
On behalf of the City of Coral Gables, you have asked for my opinion on substantially the following question:
Whether historically designated apartment buildings qualify for the exemption from ad valorem taxes created by section 196.1961, Florida Statutes, as historical properties that are "regularly open to the public" within the scope of the statute?
You advise that the City of Coral Gables is a longstanding supporter of historic preservation initiatives. One of the city's current historic preservation concerns is the loss of small apartment buildings constructed between the 1920s and the 1950s that characterize broad sections of the City of Coral Gables. You have asked whether these small commercial buildings may fall within the scope of section 196.1961, Florida Statutes, for purposes of tax relief to encourage historic preservation.
Article VII, section 3(e), Florida Constitution, states:
"Any county or municipality may, for the purpose of its respective tax levy and subject to the provisions of this subsection and general law, grant historic preservation ad valorem tax exemptions to owners of historic properties. This exemption may be granted only by ordinance of the county or municipality. The amount or limits of the amount of this exemption and the requirements for eligible properties must be specified by general law. The period of time for which this exemption may be granted to a property owner shall be determined by general law."
Chapter 196, Florida Statutes, contains the statutory provisions implementing this constitutional provision. The provisions of general law relating to historic preservation in Chapter 196, Florida Statutes, include section 196.1961, Florida Statutes, which deals with exemptions for historic property used for certain commercial or nonprofit purposes; section 196.1997, Florida Statutes, which provides ad valorem tax exemptions for historic properties; and section 196.1998, Florida Statutes, which sets forth additional ad valorem tax exemptions for historic properties open to the public.
Section 196.1961, Florida Statutes, implements the constitutional provisions by authorizing the governing authority of a municipality to adopt an ordinance allowing an ad valorem tax exemption of up to 50 percent of the assessed value of property that meets all of the statutory criteria:
"(a) The property must be used for commercial purposes or used by a not-for-profit organization under s. 501(c)(3) or (6) of the Internal Revenue Code of 1986.
(b) The property must be listed in the National Register of Historic Places, as defined in s. 267.021; or must be a contributing property to a National Register Historic District; or must be designated as a historic property or as a contributing property to a historic district, under the terms of a local preservation ordinance.
(c) The property must be regularly open to the public."[1]
Thus, the statute requires the local government to adopt an ordinance, but also mandates that the property be a commercial property or a property used by certain not-for-profit organizations; be listed on the federal National Register of Historic Places or otherwise designated a historic property; and be open to the public.
The City of Coral Gables has adopted an ordinance pursuant to section 196.1961, Florida Statutes, which reflects the terms of the statute. The ordinance provides a 50 percent ad valorem tax exemption of the assessed value of certain commercial historically designated properties. As is provided in the statute, the ordinance requires that the commercial property must be regularly open to the public. You have also advised that apartment buildings of four units or more are considered commercial properties in Miami-Dade County.
You have asked for assistance in determining what is meant by the language in subparagraph (c) and whether an apartment building, of which the facade is the historically significant feature, could be considered "open to the public" if the public is allowed to view the exterior of the building.
The statute contains a definition of the language "regularly open to the public" in subsection (2):
"As used in this section, "regularly open to the public" means that there are regular hours when the public may visit to observe the historically significant aspects of the building. This means a minimum of 40 hours per week, for 45 weeks per year, or an equivalent of 1,800 hours per year. A fee may be charged to the public; however, it must be comparable with other entrance fees in the immediate geographic locale."[2]
Thus, the historically significant aspects of the designated building must be observable and accessible to the public for visiting during a significant period of time throughout the year.
The phrase "open to the public" is not defined for purposes of the act, but it is a general rule of statutory construction that words should be given their common and ordinary meaning under these circumstances.[3] The word "open" is defined to mean "exposed to general view or knowledge;"[4] "not restricted to a particular group or category of participants;"[5] and "[t]o make available."[6] The term "open" has also been defined to mean "relatively free of obstructions to sight [or] movement . . .;" "accessible or available to follow,"[7] and "[v]isible; exposed to public view[.]"[8] "Public" is commonly defined as "the people as a whole;"[9] "accessible to or shared by all members of the community;"[10] and "[t]he community or the people as a whole."[11] Thus, the phrase "open to the public" is commonly understood to mean that something is available for or accessible to general public use by the community without obstruction to sight or movement.
Under these definitions, it would appear that historically designated apartment buildings in Coral Gables could be considered "open to the public" pursuant to section 196.1961, Florida Statutes, as these properties would be accessible and visible to the public and the public may visit and observe the historically significant aspects of the exterior of the building by viewing from the street or a sidewalk or path around the building as needed without accessing the interior portions of the property. Further, you have advised this office that those buildings meeting the requirements for historical designation which also have interior historical aspects, will be required to make those interior portions of the building open to the public under the terms of section 196.1961, Florida Statutes.
In sum, it is my opinion that historically designated apartment buildings in Coral Gables may be considered "open to the public" under section 196.1961, Florida Statutes, and local ordinances implementing the statute, if the facade of the apartment building is the historically significant aspect of the building and this historical aspect of the building may be visited and observed by the public.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 196.1961(1)(a) — (c), Fla. Stat.
[2] Section 196.1961(2), Fla. Stat.
[3] See, e.g., Southeast Fisheries Association, Inc. v. Department ofNatural Resources, 453 So. 2d 1351 (Fla. 1984); Citizens of the State of Florida v. Public Service Commission, 425 So. 2d 534 (Fla. 1982); Milazzo v. State, 377 So. 2d 1161 (Fla. 1979).
[4] Webster's New Collegiate Dictionary p. 803 (1975).
[5] Id.
[6] The American Heritage Dictionary p. 481 (Office Edition 1983).
[7] Dictionary.com Unabridged (v. 1.1.).
[8] Blacks Law Dictionary p. 1123 (Eighth Edition 2004).
[9] Webster's New Collegiate Dictionary p. 932 (1975).
[10] Id.
[11] The American Heritage Dictionary p. 555 (Office Edition 1983).